United States Courts
Southern District of Texas
FILED
*October 12, 2022*
Nathan Ochsner, Clerk of Court

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | Criminal No. 21-cr-00037 |
| v. § | |
| § | |
| PAUL NJOKU, § | |
| PATE OPARA § | |

## SECOND SUPERSEDING INDICTMENT

The Grand Jury charges:

### General Allegations

At times material to this Indictment, unless otherwise specified:

1. The Medicare Program ("Medicare") was a federal healthcare program.

2. "Part A" of the Medicare covered home-healthcare costs for medical services provided by a home healthcare agency ("HHA").

3. Payments for home-healthcare services were typically made directly to a HHA based on claims submitted to the Medicare program.

4. Medicare regulations required HHAs providing services to Medicare patients to maintain complete and accurate medical records of their patients.

### Entities and Individuals

5. **PAUL NJOKU, ("NJOKU")** was the owner of Opnet Healthcare

1

Services, Inc., ("OPNET") and resided in the Greater Houston area within the Southern District of Texas.

6. **OPNET** was purportedly a home health agency doing business under the name "P and P Healthcare Services". Both OPNET and P and P were located within the Southern District of Texas.

7. **PATE OPARA, ("OPARA")** was a nurse and administrator of OPNET and resided in the Greater Houston area within the Southern District of Texas.

8. **NJOKU** and **OPARA** each filled out paperwork that caused OPNET to be enrolled in Medicare. **NJOKU** and **OPARA** each agreed to follow Medicare rules and regulations.

## COUNT 1

**Conspiracy to Commit Healthcare Fraud**
(A violation of 18 U.S.C. § 1349)

The allegations set forth in paragraphs 1 through 8 are incorporated as though fully restated and re-alleged herein.

9. Beginning in or around February 2018, continuing thereafter to in or around July 2019, in the Houston Division of the Southern District of Texas and elsewhere, defendants

**PAUL NJOKU** and **PATE OPARA**

did, knowingly and willfully, combine, conspire, confederate, and agree with each other, and with other persons known and unknown to the Grand Jury, to violate Title 18, United States Code, Section 1347, to wit: knowingly and willfully execute a scheme and artifice to defraud health care benefit programs affecting interstate commerce, as defined in Title 18, United States Code, Section 24(b), that is, Medicare, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and or property owned by, and under the custody and control of, said health care benefit program, in connection with the delivery of or payment for health care benefits, items, and services.

## Objective of the Conspiracy

10. The objective of the conspiracy was for the defendants to unlawfully enrich themselves by, among other things, (a) submitting and causing the submission of claims to Medicare for services that were not supported by appropriate documentation; (b) concealing the lack of appropriate documentation by creating false records.

## Manner and Means of the Conspiracy

The manner and means by which defendants sought to accomplish the object and purpose of the conspiracy included, among other things, the following:

11. **NJOKU** and **OPARA** caused Medicare to be billed for home health care services.

12. From 2018 through 2019, Medicare sought supporting documentation for these billings.

13. In response to these documentation requests from Medicare, **NJOKU** and **OPARA** generated false paperwork.

14. **NJOKU** cut out and taped the signatures of C.C., a nurse, and other medical professionals onto patient paperwork.

15. **OPARA** also forged the signature of C.C. on patient paperwork and submitted that documentation to Medicare.

16. C.C. did not authorize **NJOKU** and **OPARA** to use her name or signature on these patient records.

17. From June 2, 2015 through August 5, 2019, OPNET submitted home health care services claims to Medicare in the amount of approximately $419,439.88 and received approximately $360,768.49 from Medicare.

## COUNTS 2-12
### False Statements Relating to Health Care Matters
### (Violations of 18 U.S.C. § 1035)

18. Paragraphs 1 through 17 are re-alleged and incorporated by reference as if fully set forth herein.

19. On or about the dates set forth below, in the greater Houston area, and within the Southern District of Texas, and elsewhere, Defendants

**PAUL NJOKU** and **PATE OPARA**

knowingly and willfully falsified, concealed, and covered up by a trick, scheme, and device a material fact, namely that OPNET did not have medical records to support claims made to Medicare, in connection with the delivery of and the payment for health care benefits, items, and services, involving Medicare, a health care benefit program as defined in 18 U.S.C. § 24(b) with each act set forth below:

| Count | Patient | Medicare Claim Lacking Supporting Documentation | Claim Dates of Service |
|---|---|---|---|
| 2 | J.C. | #21913700722907TXR | 1/6/19 to 3/6/19 |
| 3 | J.C. | #21903002451007TXR | 11/7/18 to 1/5/19 |
| 4 | N.D. | #21913700723407TXR | 1/7/19 to 3/7/19 |
| 5 | N.D. | #21901700690307TXR | 11/08/18 to 1/6/19 |
| 6 | W.M. | #21913800270707TXR | 9/17/18 to 10/08/18 |
| 7 | D.R. | #21913800271207TXR | 1/8/19 to 3/8/19 |
| 8 | J.S. | #21913800271007TXR | 12/9/18 to 2/6/19 |
| 9 | J.S. | #21901001235707TXR | 10/10/18 to 12/08/18 |
| 10 | V.S. | #21913601423807TXR | 12/19/18 to 2/16/19 |
| 11 | N.B. | #21815102591307TXR | 2/10/18 to 4/10/18 |
| 12 | N.B. | #21901001235807TXR | 6/10/18 to 8/8/18 |

All in violation of 18 U.S.C. § 1035(a)(1).

## COUNT 13
## Aggravated Identity Theft
## (Violation of 18 U.S.C. § 1028A)

20. Paragraphs 1 through 19 are re-alleged and incorporated by reference as if fully set forth herein.

21. On or about February 2018 through July 2019, in the Greater Houston area, and within the Southern District of Texas, and elsewhere, Defendants

**PAUL NJOKU** and **PATE OPARA**

did knowingly transfer, possess, or use, without lawful authority, a means of identification of another person, during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), to wit: Title 18, United States Code, Section 1349 Conspiracy, and Title 18, United States Code, Section 1035, False Statements Relating to Health Care Matters, knowing that the means of identification belonged to another actual person.

All in violation of 18 U.S.C. § 1028A.

## NOTICE OF CRIMINAL FORFEITURE
### (18 U.S.C. § 982(a)(7))

22. Pursuant to United States Code, Section 982(a)(7), the United States of America gives notice to defendants **PAUL NJOKU** and **PATE OPARA** that, in the event of conviction for any of the violations charged in Counts One through Thirteen of the Indictment, the United States intends to forfeit all property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of any such offense.

23. The United States gives notice that it will seek a money judgment against the Defendants in the amount of at least $360,768.49. In the event that one or more conditions listed in Title 21, United States Code, Section 853(p) exist, the United States will seek to forfeit any other property of the Defendants up to the amount of the money judgment.

A TRUE BILL:

Original Signature on File
_____
GRAND JURY FOREPERSON


Jennifer B. Lowery
UNITED STATES ATTORNEY

_____
ABDUL FARUKHI
SPECIAL ASSISTANT U.S. ATTORNEY